UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| VINCENT E. WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 09-393-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| OFFICER JONES, ET AL., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

***** ***** ***** *****

Plaintiff Vincent E. Walker filed his Complaint in this action on November 20, 2009. [R. 2] Following service of summons by the Office of the United States Marshal [R. 8], on March 30, 2010, the Defendants filed a Motion to Dismiss, or in the alternative, for Summary Judgment. [R. 20]

On April 6, 2010, the Court entered an Order directing the Plaintiff to file a response in opposition to Defendants' motion within 21 days. [R. 21] The Order expressly cautioned that the Court would deem a failure to file a timely response to the motion to be a waiver and/or admission of its contents. The time period for the Plaintiff to file a response has passed, and Plaintiff has not filed a response to the motion or a request for additional time to do so. Accordingly, the Plaintiff has waived opposition to the motion. *Scott v. Tennessee*, No. 88-6095, 1989 WL 72470, at *2 (6th Cir. July 3, 1989) (a party waives opposition to an opponent's motion when it fails to respond or otherwise oppose the motion) (*citing Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976)); *Humphrey v. U.S. Attorney Gen. Office*, 279 F. App'x 328, 331 (6th Cir. 2008) ("Thus, where, as here, plaintiff has not raised arguments in the

district court by virtue of his failure to oppose defendant's motion to dismiss, the arguments have been waived.") (*citing Resnick v. Patton*, 258 F. App'x 789, 790-91 n.1 (6th Cir. 2007)).

The Defendants' motion establishes that while Plaintiff filed numerous inmate grievances following the alleged assault on March 16, 2009 [R. 20 at pgs. 4-11], he did not file any grievance regarding the conduct alleged in the Complaint, let alone both timely file and properly exhaust his administrative remedies. [R. 20 at pg. 20] Having failed to do so, his claim must be dismissed for failure to exhaust administrative remedies. 28 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 741 (2001). Because Plaintiff was required to file a Form BP-229 with the warden grieving the incident complained of within twenty days of its occurrence, 28 C.F.R. § 542.14(a), a date which has long since passed, Plaintiff cannot now "properly" exhaust his administrative remedies, and this dismissal must be with prejudice. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

Accordingly, **IT IS ORDERED** that:

1. Defendants' Motion to Dismiss or in the alternative Motion for Summary Judgment [R. 20] is **GRANTED**.

2. Plaintiff's Complaint [R. 2] is **DISMISSED WITH PREJUDICE**.

3. The Court will enter an appropriate Judgment.

This the 5th day of day of May, 2010.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge